UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PLASTERERS' AND CEMENT MASONS' :
LOCAL 40 PENSION FUND, through its :
TRUSTEES, PLASTERERS' AND CEMENT :
MASONS' LOCAL 40 ANNUITY FUND, through :
its TRUSTEES, PLASTERERS' AND CEMENT :
MASONS' LOCAL 40 HEALTH AND :
WELFARE FUND, through its TRUSTEES, :
PLASTERERS' AND CEMENT MASONS' :
LOCAL 40 APPRENTICESHIP FUND, through :
its TRUSTEES, RHODE ISLAND CONSTRUCTION :
INDUSTRY ADVANCEMENT FUND, through its :
TRUSTEES, PLASTERERS' AND CEMENT :
MASONS' LOCAL 40 and DONALD LAVIN, in :
his official capacity as Co- :
Administrator of the Funds, :
                    Plaintiffs, :
                              :
     v. : CA 09-236 S
                              :
CAPITAL CURBING CORP., :
                    Defendant. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is Plaintiffs' Amended Motion for Entry of Judgment by Default (Document #6) ("Amended Motion" or "Amended Motion for Entry of Default Judgment"). The Amended Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The Court has determined that no hearing is necessary. For the

---

[1] Plaintiffs' original Motion for Entry of Judgment by Default (Document #5) was also referred to this Magistrate Judge for recommended disposition, but it has been superceded by the Amended Motion.

reasons stated herein, I recommend that the Amended Motion be granted.

## I. Nature of the Action

This is an action to compel payment of contributions, interest, and penalties to multi-employer pension and benefit plans pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and to compel payment of dues to a labor union under a collective bargaining agreement pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as well as state law.  Complaint ¶ 1.

## II. Plaintiffs

Plaintiff Plasterers' and Cement Masons' Local 40 Pension Fund ("Pension Fund") and Plaintiff Plasterers' and Cement Masons' Local 40 Annuity Fund ("Annuity Fund") are multi-employer pension plans within the meaning of ERISA, 29 U.S.C. §§ 1002(2) and (37).  Id. ¶¶ 2-3.  Plaintiff Plasterers' and Cement Masons' Local 40 Health and Welfare Fund ("Welfare Fund"), Plaintiff Plasterers' and Cement Masons' Local 40 Apprenticeship Fund ("Apprenticeship Fund"), and Plaintiff Rhode Island Construction Industry Advancement Fund ("Industry Advancement Fund") are multi-employer benefit plans within the meaning of ERISA, 29 U.S.C. §§ 1002(1) and (37).  The Pension Fund, Annuity Fund, Welfare Fund, Apprenticeship Fund, and Industry Advancement Fund are collectively referred to hereafter as "the Funds."

Plaintiff Trustees are trustees and fiduciaries of the Funds. Id. ¶ 7. Plaintiff Plasterers' and Cement Masons' Local 40 ("Local 40" or "the Union") is a labor union within the meaning of ERISA, 29 U.S.C. § 1002(4), and within the meaning of the LMRA, 29 U.S.C. § 152(5). Id. ¶ 8. Plaintiff Donald Lavin is Co-Administrator of the Funds. Id. ¶ 9. The Funds' office is located in Cranston, Rhode Island. Id.

### III. Defendant

Defendant Capital Curbing Corp. ("Defendant" or "Capital Curbing") is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in Warwick, Rhode Island. Id. ¶ 10. Defendant has the requisite minimum contacts with the State of Rhode Island. Id.

### IV. Facts

The Funds were established to provide various types of benefits, including retirement and medical benefits and employment training, to members of Local 40. Id. ¶ 12. The benefits provided by the Funds are financed in part by employer contributions. Id. ¶ 13. The contribution rate is set by the collective bargaining agreement between Local 40 and each employer. Id.

Defendant is a party to a collective bargaining agreement ("CBA") with Local 40 which provides, in relevant part, that Defendant shall comply with the terms of various Trust

Agreements.  Id. ¶ 14.  The CBA and the various Trust Agreements require Defendant to pay contributions for each hour of work performed by members of Local 40 and each hour of covered work performed by non-union members.  Id. ¶ 16.  The Trust Agreements provide, in relevant part, that Defendant shall timely submit payroll reports of contributions as aforesaid, promptly pay such contributions, and pay penalties and interest when in default.  Id. ¶ 17.

Pursuant to the Trust Agreements, interest accrues monthly at a rate of one percent (1%) of the amount of contributions due per month.  Id. ¶ 18.  Pursuant to the CBA, Defendant is required to remit union dues to Local 40 for each hour worked by members of Local 40.  Id. ¶ 19.  Despite these obligations, Defendant failed to make the contributions to the Funds for the period of August 2008 through at least October 2009.  Id. ¶ 20; see also Memorandum in Support of Amended Motion for Entry of Judgment by Default ("Plaintiffs' Mem."), Exhibit ("Ex.") 4 (Breakdown of Amounts Owed) at 1.  Defendant also failed to remit dues to Local 40 for the same period.  Complaint ¶ 20.

**V.  Travel**

Plaintiffs filed their Complaint on May 20, 2009.  See Docket.  Defendant was served with a summons and copy of the Complaint on June 9, 2009.  See Summons (Doc. #2) at 2.  Defendant failed to answer or otherwise respond to the Complaint,

and Plaintiffs moved for entry of default on September 1, 2009. See Application to Clerk for Entry of Default (Doc. #3). Default was entered by the Clerk the same day. See Docket. Plaintiffs filed a Motion for Entry of Judgment by Default (Doc. #5) on January 7, 2010. See id. On February 8, 2010, Plaintiffs filed the instant Amended Motion for Entry of Default Judgment. See id.

**VI. Jurisdiction**

As an initial matter, when judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties. See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001); In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999); Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997); Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986); see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)("To hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decision.'")(quoting United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999)); Letelier v. Republic of Chile, 488 F. Supp. 665, 668 (D.D.C. 1980)(holding that issue of subject matter jurisdiction should be fully

explored despite previous entry of default); cf. Hugel v. McNell, 886 F.2d 1, 3 n.3 (1st Cir. 1989)("[W]here the court rendering the default judgment is shown to lack personal jurisdiction over the defendant, ... the judgment may be vacated and set aside by the rendering court on motion, or by another court on collateral attack.")(quoting 6 Moore's Federal Practice ¶ 55.09)(second alteration in original).  Accordingly, this Court examines both subject matter and personal jurisdiction.

### A. Subject Matter Jurisdiction

Plaintiffs allege violations of ERISA, 29 U.S.C. § 1132(a)(3)[2] & § 1145,[3] see Complaint ¶¶ 21-24 (Count 1), and the LMRA, 29 U.S.C. § 185,[4] see id. ¶¶ 25-28 (Count 2).  As ERISA and the LMRA are federal statutes, the Court clearly has subject matter jurisdiction over Plaintiffs' ERISA and LMRA based claims

---

[2] Title 29, Section 1132(a) empowers a plan participant, beneficiary, or fiduciary to bring a civil action to enjoin violations or seek enforcement of the terms of the plan or of ERISA provisions.  See 29 U.S.C. § 1132(a).

[3] Title 29, Section 1145 requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or a collective bargaining agreement to make such contributions in accordance with the terms of such plan or agreement.  See 29 U.S.C. § 1145.

[4] Title 29, Section 185 allows suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce to be brought in any district court without respect to the amount in controversy or without regard to the citizenship of the parties.  See 29 U.S.C. § 185.

pursuant to 28 U.S.C. 1331.[5]  See Verizon Washington, D.C. Inc. v. Commc'ns Workers of Am., 571 F.3d 1296, 1301 n.6 (D.C. Cir. 2009)("Section 301(a) of the LMRA provides that '[s]uits for violation of contracts between an employer and a labor organization representing employees ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties")(quoting 29 U.S.C. § 185(a))(alteration in original); Bauhaus USA, Inc. v. Copeland, 292 F.3d 439, 446 n.4 (5th Cir. 2002)("ERISA gives the district courts jurisdiction over suits under 29 U.S.C. § 1132(a) 'without respect to the amount in controversy or the citizenship of the parties.'")(quoting 29 U.S.C. § 1132(f)).

Plaintiffs additionally allege that Defendant has violated the Rhode Island Payment of Wages Statute, R.I. Gen. Laws § 28-14-1, and, in particular, §§ 28-14-3[6] and 28-14-3.1[7] of the

---

[5] Title 28, Section § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[6] R.I. Gen. Laws § 28-14-3 requires employers who provide for a payroll deduction to transfer the funds deducted within twenty-one days following the last day of the month in which the deduction is made and also makes employers who violate the statute subject to civil suit and monetary penalty.

[7] R.I. Gen. Laws § 28-14-3.1 requires employers to make payroll deductions for union dues and to remit them to the treasurer of the labor union when a majority of the members of the collective bargaining unit in any place of employment make

Statute. See Complaint ¶¶ 29-32 (Count 3). The Court has supplemental jurisdiction over these related state law claims pursuant to 28 U.S.C. § 1367. See Golas v. Homeview Inc., 106 F.3d 1, 3 n.2 (1st Cir. 1997)("In any civil action over which the district courts have original jurisdiction, they also have supplemental jurisdiction over all other claims that form part of the same case or controversy.")(citing 28 U.S.C. § 1367). Accordingly, I find that subject matter jurisdiction exists.

### B. Personal Jurisdiction

Defendant is a Rhode Island corporation and has its principal place of business in Warwick, Rhode Island. Complaint ¶ 10. Defendant was served with a summons and a copy of the Complaint on June 9, 2009, at 99 Scranton Avenue, Warwick, Rhode Island. See Doc. #2 at 2 (Proof of Service); see also Central States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc., 440 F.3d 870, 875 (7th Cir. 2006)("[A]ny district court in which a plaintiff brings an action under Title I of ERISA[8] will have personal jurisdiction over the defendant, if the defendant is properly served and has sufficient minimum

---

such a request in writing.

[8] Title I of ERISA provides substantive legal protections relating to employee pension plans while Title II of the statute amended the Internal Revenue Code to condition a plan's favorable tax treatment on compliance with many of ERISA's Title I requirements. Thornton v. Graphic Commc'ns Conference of Int'l Bhd. of Teamsters Supplemental Ret. & Disability Fund, 566 F.3d 597, 602 n.4 (6th Cir. 2009)

contacts with the United States.")(internal quotation marks omitted); Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 68 (1st Cir. 2003)(noting that personal jurisdiction over a defendant may be obtained by either service of process or waiver of service of process); Waeltz v. Delta Pilots Ret. Plan, 301 F.3d 804, 808 n.3 (7th Cir. 2002)(noting that court has personal jurisdiction over ERISA defendant with specification that defendant be "properly served under [29 U.S.C.] § 1132(e)(2)[9]"). Thus, personal jurisdiction exists as to Defendant by virtue of service of a summons and complaint. See Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 720 (1st Cir. 1991)(noting that "service of process is the vehicle by which the court may obtain [personal] jurisdiction"). Accordingly, I find that the Court has personal jurisdiction over the defaulted Defendant.

**VII.  Judgment**

Plaintiffs request that judgment be entered against Defendant in the amount of $120,998.17. Amended Motion at 1. In

---

[9] Title 29, Section 1132(e)(2) states:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. 1132(e)(2).

9

support of this request, Plaintiffs represent that:

> On June 22, 2009[,] and July 31, 2009, Defendant's President, Clifford Cherry, forwarded remittance reports to Plaintiffs' counsel, Elizabeth Wiens, per Attorney Wiens's request. See Exhibit 1. In addition, on October 30, 2009, in response to Plaintiffs' subpoena, Paychex forwarded payroll records to Plaintiffs. Most of the records were consistent with Defendant's remittance reports.[10] Some of the remittance reports contain addition errors.[11]
>
> Neither Defendant nor Paychex produced records for the following months: July 2009, August 2009[,] and September 2009. In support of Plaintiffs' claims for those months, they offer the paychecks of Michael Silva. See Exhibits 3.
>
> The records, in their entirety, indicate that employees worked 5,347.5 hours during the period August 1, 2008 through October 2, 2009. The hours are summarized in the attached spreadsheets. See Exhibit 4.[]
>
> Pursuant to the CBA, Defendants are required to pay contributions and union dues based on the rates set forth in the various Trust Agreements.
>
> Finally, in an action to collect delinquent contribution[s] pursuant to 29 U.S.C. §1132, if Plaintiffs prevail, they are entitled to the unpaid contributions, as well as interest, penalties, and the attorneys' fees and costs expended in prosecuting the

---

[10] In a footnote appearing at this point in Plaintiffs' memorandum, Plaintiffs state: "Michael Silva was omitted from the remittance reports for [the] week ending April 3, 2009. See Exhibit 2 for Paychex payroll records for that week." Memorandum in Support of Amended Motion for Entry of Judgment by Default ("Plaintiffs' Mem.") at 5 n.1.

[11] In a footnote appearing at this point, Attorney Wiens states: "In Exhibit 1, p. 4, Defendant failed to include Charles Rivet's hours of 30.5 in the total number of hours. Likewise, in Exhibit 1, p. 7-9, Defendant failed to include Frank Silva's hours of 104, 122[,] and 124, respectively, in the totals." Id. at 5 n.2.

   action. Pursuant to the Trust Agreement, Defendants owed interest on delinquent contributions at a rate of 1% percent per month, as well as a 20% penalty on all delinquent contributions.[12]

Plaintiffs' Mem. at 4-5.

  Based on the information contained in the exhibits submitted in support of the Amended Motion, Plaintiffs represent that Defendant owes the following:

| | |
|---|---|
| Contributions for the period 8/08 to 9/09 | $82,277.63 |
| Union Dues for the period 8/08 to 9/09 | $10,201.50 |
| Interest on Contributions at rate of 1%/month | $ 8,620.02 |
| 20% Penalty on Contributions | $16,455.53 |
| Attorneys' Fees and Costs | $ 3,443.50[13] |
| | $120,998.17 |

  After reviewing the exhibits, the Court finds that they support Plaintiffs' representation. Accordingly, I recommend that the Amended Motion be granted and that default judgment be entered against Defendant in the amount of $120,998.17.

### VIII. Conclusion

---

[12] In a footnote appearing at this point, Attorney Wiens states: "The contribution rates are listed on Exhibit 1. The interest rate is located on p. 16 of the Trust Agreements. Pages 1, 14, 15, 16[,] and 35 of the Trust Agreement are attached ... as Exhibit 5." Id. at 5 n.4.

[13] Attorney Wiens has submitted an affidavit in support of this amount. See Plaintiffs' Mem., Ex. 6 (Affidavit of Elizabeth Wiens).

For the reasons stated above, I recommend that the Amended Motion for Entry of Default Judgment be granted and that default judgment be entered against Defendant in the amount of $120,998.17.  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 12, 2010