UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PLASTERERS' AND CEMENT MASONS'          :
LOCAL 40 PENSION FUND, through its       :
TRUSTEES, PLASTERERS' AND CEMENT         :
MASONS' LOCAL 40 ANNUITY FUND, through   :
its TRUSTEES, PLASTERERS' AND CEMENT     :
MASONS' LOCAL 40 HEALTH AND              :
WELFARE FUND, through its TRUSTEES,      :
PLASTERERS' AND CEMENT MASONS'           :
LOCAL 40 APPRENTICESHIP FUND, through    :
its TRUSTEES, RHODE ISLAND CONSTRUCTION  :
INDUSTRY ADVANCEMENT FUND, through its   :
TRUSTEES, PLASTERERS' AND CEMENT         :
MASONS' LOCAL 40 and DONALD LAVIN, in    :
his official capacity as Co-             :
Administrator of the Funds,              :
                           Plaintiffs,   :
                                         :
          v.                             :          CA 09-236 S
                                         :
CAPITAL CURBING CORP.,                   :
                           Defendant.    :

## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

Before the Court is Plaintiffs' Motion to Attach (Docket ("Dkt.") #10) ("Motion to Attach" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Hearings were held on March 17 and April 18, 2011. After listening to the arguments presented, reviewing the memoranda and exhibits submitted, and performing independent research, I recommend that the Motion be granted.

## I.  Facts and Travel

On April 6, 2010, the Court entered default judgment in favor

of Plaintiffs against Defendant Capital Curbing Corp. ("Capital Curbing" or "Defendant") in the amount of $120,998.17.  See Judgment (Dkt. #9).  Plaintiffs filed the instant Motion to Attach on December 29, 2010.  See Dkt.

On February 4, 2011, the Court issued a Notice and Order (Dkt. #11) announcing that it would conduct a hearing on the Motion on February 28, 2011.  The Notice and Order directed Plaintiffs to comply with R.I. Gen. Laws § 10-5-2[1] and to "serve Defendant Capital Curbing Corp. with copies of Plaintiffs' Motion to Attach and this Notice and Order."  Notice and Order at 2.  No party appeared on February 28th for the scheduled hearing.  As a result, the Court issued an order directing Plaintiffs to appear before this Magistrate Judge on March 17, 2011, and show cause why this Magistrate Judge should  not recommend to District Judge Smith that

---

[1] Rhode Island General Laws § 10-5-2 states in relevant part:

(a) A court having jurisdiction over a defendant or his or her assets, including his or her personal estate or real estate, may authorize a plaintiff to attach the defendant's assets, or any part thereof, after hearing on a motion to attach, notice of which has been given to the defendant as provided in this section.  At the time of the commencement of the action, or at any time thereafter, a plaintiff must file a motion in the court having jurisdiction for authority to attach the defendant's assets, including his or her personal or real estate, and the attachment motion must state the day, time and place of hearing and **a copy must be served by the process server on the defendant or by leaving it at his or her last and usual place of abode with some person there at least five (5) days before the fixed date of hearing.**

R.I. Gen. Laws § 10-5-2(a) (bold added).

the Motion be denied.  <u>See</u> Order for Plaintiffs to Show Cause (Dkt. #12).

Counsel for Plaintiffs appeared for the show cause hearing on March 17th.  She explained that her office had received notice of the February 28th hearing, but inadvertently the notice had not been properly calendared.  As a result, counsel stated that she was out-of-state on the 28th and did not appear.  She apologized for the inconvenience to the Court.  After receiving this explanation, the Court found that Plaintiffs had shown cause and ruled that the hearing on the Motion to Attach would be rescheduled.  The Court also advised Plaintiffs' counsel that Plaintiffs were to serve Defendant with a copy of the Motion and with notice of the new hearing date.

The hearing on the Motion was rescheduled for April 18, 2011. <u>See</u> Dkt.  On that date, Plaintiffs appeared but Defendant did not. To prove that Defendant had received notice of the hearing and also had been served with a copy of the Motion, Plaintiffs' counsel submitted an affidavit from Michael D'Ippolito ("D'Ippolito Aff."), a Rhode Island constable.[2]  The affidavit states that a copy of the

---

[2] The Court instructed Plaintiffs' counsel to submit copies of the documents which had been served upon Defendant.  Plaintiffs' counsel did so following the hearing, and the Court directed the Clerk to mark them as hearing exhibits.  Thus, the documents served upon Defendant are evidenced by Hearing Exhibit ("Ex.") 1 (Motion to Attach), Hearing Ex. 2 (Affidavit in Support of Plaintiff's Motion to Attach ("Wiens Aff."), and Hearing Ex. 3 (Notice and Order).  The D'Ippolito Aff. is Hearing Ex. 4.  The Court refers collectively to these exhibits as the "Hearing Exhibits."

Motion and of the Notice and Order[3] was served upon Clifford Cherry ("Mr. Cherry"). Plaintiffs' counsel identified Mr. Cherry as Defendant's agent for service of process. Plaintiffs' counsel also represented at the hearing that Plaintiffs believe that Defendant is no longer in business and that the Judgment remains unsatisfied.

## II. Discussion

By the Motion, Plaintiffs seek:

> to attach the goods and chattels and real estate of CAPITAL CURBING CORP. of Portsmouth, Rhode Island[,] and also to attach the personal estate of CAPITAL CURBING CORP. in the hands or possession of Citizens Bank, Rhode [Island,] and any other banking institution as ... trustees of the said CAPITAL CURBING CORP., [and] also to attach its stock or shares in any banking association or incorporated company to the value of $120,998.17 plus applicable interest, costs, and attorneys' fees.

Motion at 1.

The Count finds based on the Hearing Exhibits[4] that Defendant had notice of both the Motion and the April 18, 2011, hearing. The Court further finds based on the representation of Plaintiffs' counsel that the judgment is still unsatisfied.

This Court is cognizant that a justice of the Rhode Island Superior Court, interpreting Superior Court Rule of Civil Procedure

---

[3] The copy of the Notice and Order served upon Defendant was modified by Plaintiffs' counsel by "whiting out" the hearing date of "Monday, February 28" Notice and Order at 1, and replacing it with "April 18th," Hearing Ex. 3 at 1.

[4] See n.2.

4(m)(3),[5] has held that a party seeking a writ of attachment must show both a likelihood of success and a need for security. See Normandin v. Gauthier, No. C.A. 03-6211, 2006 WL 1073422, at *3 (R.I. Super. Apr. 20, 2006). Although the parties seeking the attachment in Normandin had obtained a judgment, the trial justice found that there was no substantial evidence which indicated that the attachment was necessary to preserve the movants' interest in the judgment and denied the motion to attach. Id. The trial justice noted that "[a]ttachment for security reasons is appropriate when it appears likely that the plaintiff will have difficulty enforcing the judgment," id., and "there is no evidence before this [c]ourt demonstrating that [movants] will have difficulty collecting their judgment if their motion to attach is not granted ...," id.

Here Plaintiffs have made no showing of a need for security other than the fact that the judgment has remained unsatisfied for

_____

[5] Rule 4(m)(3) of the Rhode Island Superior Court Rules of Civil Procedure states in relevant part:

> The writ of attachment may be procured in blank from the clerk, shall be filled out by the plaintiff's attorney as provided in paragraph (2) of this subdivision, and shall be submitted to the court with a motion for its issuance. The motion shall be granted only upon a showing that there is a probability of a judgment being rendered in favor of the plaintiff and that there is a need for furnishing the plaintiff security in the amount sought for satisfaction of such judgment, together with interest and costs ....

Normandin v. Gauthier, No. C.A. 03-6211, 2006 WL 1073422, at *3 (R.I. Super. Apr. 20, 2006)(quoting Super Ct. Rule 4(m)(3)).

more than one year. The Court is persuaded, however, that the holding in <u>Normandin</u> does not require that the Motion be denied because the circumstances here are distinguishable. In <u>Normandin</u> it appears that the party against whom the writ of attachment was sought had defended the case at trial and actively opposed the motion to attach. <u>See</u> <u>id.</u> at *2. Indeed, one of the grounds raised by that party in opposition to the motion was that there "ha[d] been no necessity or other showing for issuance of an attachment on the real estate."[6] <u>Id.</u> Such opposition implicitly suggests that the party had sufficient assets to pay the judgment separate and apart from the real estate which movants were seeking to attach. In contrast, here Capital Curbing Corp. has never appeared in this action. It has made no suggestion that it has the ability to pay the judgment and that the Motion is unnecessary. To the contrary, the very fact that the full amount of the judgment remains outstanding more than one year after it was entered indicates that Capital Curbing Corp. is either unable or unwilling to pay the judgment.

In sum, there is no question that Plaintiffs have shown a

---

[6] <u>Normandin</u> involved a breach of a contract to sell real estate. <u>Normandin</u>, 2006 WL 1073422, at *1-2. The buyer and sellers each accused the other of being responsible for the failure of the conveyance to occur. <u>Id.</u> at 2. The seller also brought a third party action against the realtors for allegedly failing to adequately investigate the buyer's financial condition. <u>Id.</u> The realtors filed a counterclaim against the seller, claiming that they were due their commission for procuring a ready, willing, and able buyer. <u>Id.</u> After the trial justice found in favor of the buyer and the realtors, the realtors filed a motion to attach to sellers' property. <u>Id.</u>

likelihood of success because judgment has already been entered against Defendant. The Court is also satisfied that Plaintiffs have shown a need for the requested attachment based on the following facts. Defendant has failed to appear in this action, Defendant has not suggested that it possesses assets sufficient to satisfy the judgment, and the judgment has been outstanding for over one year and remains unsatisfied. To the extent that <u>Normandin</u> requires Plaintiffs to make a greater showing with respect to need before the attachment may be issued, this Court finds <u>Normandin</u> distinguishable from the instant circumstances.

## III. Conclusion

For the reasons explained above, I recommend that Plaintiffs' Motion to Attach be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 22, 2011